**In re the Matter of Kathleen M. DOERING, Petitioner, Respondent,**

v.

**Chester H. DOERING, Jr., Appellant.**

**No. C0–01–224.**

Court of Appeals of Minnesota.

June 26, 2001.

No–Fault Automobile Insurance Act had not been met.

James R. Forsythe, Streater & Murphy, P.A., Winona, for respondent.

Jill I. Frieders, O'Brien & Wolf, L.L.P., Rochester, for appellant.

Considered and decided by HALBROOKS, Presiding Judge, and WILLIS, and HANSON, Judges.

## OPINION

HANSON, Judge.

Appellant made a motion under Minn. Stat. § 518.145, subd. 2(3) (2000) to reopen a dissolution judgment for fraud. He now argues that the district court erred in denying that motion (1) by applying the legal standard for fraud on the court, when the lesser standard of ordinary fraud was applicable, and (2) by denying the motion without an evidentiary hearing, even though he presented evidence that respondent did not fully disclose her assets and that she disposed of marital assets in contemplation of the dissolution. Respondent argues that appellant failed to timely file his appeal. We conclude that the appeal is timely and we reverse and remand for an evidentiary hearing on the question of fraud.

## FACTS

Appellant Chester Doering and respondent Kathleen Doering were married in 1973 and resided on a farm near Caledonia, Minnesota. Appellant is self-employed as a farmer and respondent is employed as a nurse at the Gundersen–Lutheran Hospital in LaCrosse, Wisconsin. Throughout the marriage, respondent handled the family's financial affairs.

Respondent had been considering a marriage dissolution for several years. In March 1998, the parties agreed that they would dissolve their marriage and visited with their long-time family attorney, Timo-thy Murphy, to assist in completing the dissolution. Murphy undertook to represent respondent, not appellant, but engaged in conversations with each party and provided some legal advice to appellant concerning aspects of the dissolution. Appellant was not separately represented and participated pro se.

After discussion with the parties, Murphy drew a Marital Termination Agreement which, among other things, awarded physical custody of the parties' minor son to appellant; awarded child support to appellant in the amount of $800 per month; and, as property division, awarded to appellant the parties' homestead, the farm property and the sum of $180,000 from respondent's pension and 401K plan and awarded the remaining property to respondent.

The Marital Termination Agreement provided:

That each party expressly stipulates and agrees that each has entered into this stipulation after full disclosure upon the advice of respective counsel and that each has relied upon the other party having fully disclosed all of his or her assets, both real and personal, all income, including any and all assets or income in the nature of third parties and under their control whether or not in their names.

The terms of this agreement were incorporated into the judgment of dissolution dated June 10, 1998. The dissolution judgment also provided: "Each party warrants to the other that there has been accurate, complete and current disclosure of all income, assets and liabilities."

On November 25, 1998, appellant made a motion (1) to reopen the dissolution judgment for fraud, based on an accompanying affidavit providing evidence of nondisclosure by respondent, and (2) to modify child

support, based on a substantial change in circumstances. Appellant alleged that, subsequent to the entry of the judgment of dissolution, he learned that respondent had maintained a joint investment account at Merrill Lynch that, at one time, had a balance of more than $26,000; that respondent had withdrawn substantial funds from this account in contemplation of, or during, the dissolution proceedings; and that respondent's pension plan had a value at the time of dissolution in excess of $1,000,000, with a salary-deferment component that had a value in excess of $230,000.

On May 14, 1999, the district court denied appellant's motion to reopen the judgment but granted appellant's motion to compel discovery on the issue of fraud, reserving the final ruling on the motion to reopen the judgment and to modify child support until the parties completed the discovery authorized by the court.

After conducting discovery, appellant submitted a supplemental affidavit, reporting that the value of respondent's retirement and salary-deferment account, at the time of the dissolution, was in excess of $1,000,000; that, while he was aware of the existence of the pension plan, the value of the plan and the existence of the salary-deferment component had not been disclosed to him; that respondent had maintained the Merrill Lynch investment account and other bank and investment accounts before or during the dissolution; and that neither the existence or value of these accounts had been disclosed to him.

On August 18, 2000, the district court denied appellant's motion for an evidentiary hearing on his motion to reopen the judgment, but granted appellant's motion for an evidentiary hearing on the issue of modification of child support. The court noted that appellant must make a prima facie showing before he is entitled to an evidentiary hearing on the issue of fraud.

In doing so, the district court defined "fraud" as

an intentional course of material misrepresentation or nondisclosure, which has the result of misleading the court and the opposing party and making the property settlement unfair.

The court concluded that there was no evidence that respondent "intended to misrepresent the value of the marital assets or that she intentionally failed to disclose all the material assets." The court further determined that appellant had failed to show that he had requested any information concerning these assets or that any information he had requested was not provided.

Appellant did not immediately appeal from this order. Subsequently, on January 12, 2001, the district court entered an order awarding appellant an increase in child support. The current appeal was taken within 60 days after the entry of that order, and the amended judgment pursuant to it, but was based on the August 18 order denying an evidentiary hearing on the motion to reopen the judgment.

## ISSUES

1. Did appellant file a timely appeal?
2. Did the district court err by applying the legal standard for fraud on the court, instead of that for ordinary fraud?
3. Did the district court err by concluding appellant failed to present prima facie evidence of fraud?

## ANALYSIS

### I.

Respondent argues that this court should dismiss this appeal because it is untimely. She explains that she served notice of filing of the August 18 order,

denying the motion to reopen the judgment, on September 22, 2000, and that the appeal was not filed until February 5, 2001, more than 60 days after service of notice of filing.

Appellants November 1998 motion to reopen the judgment was joined with his motion to modify respondents child-support obligation. In its August 18 order, the district court denied appellants motion to reopen the judgment, but granted appellants motion for an evidentiary hearing regarding modification of child support. Thus, the August 18 order did not finally determine all matters before the district court.

Ordinarily, an order denying a motion to vacate a judgment on grounds of fraud is immediately appealable. Minn. R. Civ. App. P. 103.03(e) (stating that one may immediately appeal an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken.); *Spicer v. Carefree Vacations, Inc.,* 370 N.W.2d 424, 426 (Minn.1985). But, because the August 18 order did not determine the support issue, it was not final and thus was not immediately appealable. *Cf. City of Chaska v. Chaska Township,* 271 Minn. 139, 142, 135 N.W.2d 195, 197 (1965) (stating final, when used to designate the effect of the district courts judgment or order, means that the matter is conclusively terminated so far as the court issuing the order is concerned). The situation is analogous to one where a partial summary judgment is granted, determining some but not all of the claims. Unless the order for partial summary judgment contains an express determination that there is no just reason for delay and directs entry of final judgment, the partial judgment is not immediately appealable. Minn. R. Civ. P. 54.02, Minn. R. Civ.App. P. 104.01, subd. 1; *see also Olmscheid v. Paterson,* 425 N.W.2d 312, 313 (Minn.App.1988) (stating

partial judgment not immediately appealable unless entered pursuant to Minn. R. Civ. P. 54.02 and Minn. R. Civ. P. 104.01, subd. 1). The time to appeal from a partial judgment does not begin to run until the remaining claims are adjudicated. Minn. R. Civ.App. P. 104.01, subd. 1. This appeal, therefore, was timely filed within 60 days after entry of the January 12 order and amended judgment, determining child support.

## II.

Having concluded that appellant filed the appeal in a timely manner, we turn to the question of whether the district court erred by denying appellant's motion to reopen without an evidentiary hearing. Appellant argues that the district court erred by concluding that appellant failed to make a prima facie showing of fraud sufficient to warrant an evidentiary hearing. In addressing that argument, we observe that the district court was presented with the convergence of two knotty questions; the standard for reopening a dissolution judgment for fraud and what constitutes "good cause" for an evidentiary hearing.

*The fraud standard*

In its order addressing appellant's motion to reopen the judgment for fraud, the district court stated:

In the context of a marital dissolution, fraud is an intentional course of material misrepresentation or nondisclosure which has the result of misleading the court and the opposing party and making the property settlement unfair.

The trial court drew that standard from *Kornberg v. Kornberg,* 542 N.W.2d 379, 387–88 (Minn.1996), which in turn relied on *Maranda v. Maranda,* 449 N.W.2d 158, 164 (Minn.1989). Our review of these cases and the provisions of Minn.Stat. § 518.145, subd. 2, suggests that a less-

strenuous standard of fraud is applicable here.

*Maranda* involved a motion to reopen a dissolution judgment for fraud made pursuant to Minn. R. Civ. P. 60.02, prior to the enactment of Minn.Stat. § 518.145, subd. 2. The motion was made more than one year after the entry of judgment. While *Maranda* discussed the motion in terms of rule 60.02, the supreme court noted that rule 60.02 was an improper vehicle for attempting to reopen dissolution judgments and stated that it would "treat the rule 60.02 motion as a motion to exercise the court's inherent power to modify a final divorce decree based on an allegation of fraud on the court." *Maranda*, 449 N.W.2d at 164. Further, the supreme court noted that rule 60.02(3) allows relief from a judgment for ordinary fraud only if that relief is sought within one year after the judgment. While *Maranda* "[d]eclined" to articulate the precise definition of "fraud on the court," it indicated that there was a difference between ordinary fraud and fraud on the court, that the difference is one of degree, and that the standard for ordinary fraud is less strenuous then that for fraud on the court. *Maranda*, 449 N.W.2d at 165.

In *Kornberg*, a motion to reopen a dissolution judgment was made within one year after the date of entry of judgment, was based in part on allegations of fraud, and was brought under Minn.Stat. § 518.145, subd. 2(1), (3). However, the wife in *Kornberg* did not allege that her husband concealed or misrepresented the parties' financial situation. Instead, she alleged that the husband had misled the court and counsel about his intention to take future actions after entry of the decree, to defeat income she expected to receive from corporate dividends. Although the supreme court referred to the *Maranda* standard of fraud on the court, it did so without discussing the significance of the fact that the *Kornberg* motion was based on fraud and had been made within one year after the judgment. The court ultimately concluded that appellant had not shown fraud under any standard:

> [The wife was not excluded] from access to information concerning finances, has made no allegations of concealment of funds, and has made no allegations of Harvey Kornberg's misrepresentation of a specific material fact. She alleges only his covert and unexpressed "intention."

542 N.W.2d at 388.

We do not understand *Kornberg* to hold that a movant must satisfy the higher standard of fraud on the court to succeed on a motion to reopen a dissolution judgment that is brought within one year after the dissolution judgment. Because Minn. Stat. § 518.145, subd. 2(3), provides that "fraud" is a valid reason to reopen a judgment within one year, "whether [the fraud is] denominated intrinsic or extrinsic, misrepresentation, or other misconduct of the adverse party,"[1] it is less strenuous than the standard of fraud on the court. Our holding, that a motion to reopen a dissolution judgment for fraud requires the moving party to meet a lesser threshold than that required to reopen a judgment for fraud on the court, is consistent with caselaw indicating that the failure of a party to a dissolution to make a full and complete disclosure constitutes sufficient reason to reopen the dissolution judgment for fraud, without any showing of fraud on the court. *Ronnkvist v. Ronnkvist*, 331 N.W.2d 764, 766 (Minn.1983) (stating breach of the duty of parties to a dissolution to make full and

---

1. Intrinsic fraud is more closely associated with fraud on the court—it "affects matters involving the court proceedings such as perjured testimony." 2A Minn. Prac., § 60.22.

accurate disclosure constitutes fraud sufficient to set aside the judgment); *Hafner v. Hafner*, 237 Minn. 424, 432, 54 N.W.2d 854, 859 (1952) (holding that the confidential relationship between a husband and wife imposes a duty of good faith that requires fair and full disclosure and the breach of that duty provides grounds to set aside the property division without a showing of fraud on the court); and *Sanborn v. Sanborn*, 503 N.W.2d 499, 503–04 (Minn.App.1993) (holding husband who represented value of business as one-third actual value committed fraud justifying reopening of judgment), *review denied* (Minn. Sept. 21, 1993).

▮ Appellant brought his motion within one year after the judgment and contends that he was defrauded by respondent's failure to make full and complete disclosure of her assets. In such case, the appropriate legal standard is ordinary fraud. Ordinary fraud, in a dissolution context, does not require an affirmative misrepresentation or an intentional course of concealment because parties to a marriage dissolution have a duty to disclose all assets and liabilities completely and accurately. *Bollenbach v. Bollenbach*, 285 Minn. 418, 428, 175 N.W.2d 148, 155 (1970). That duty was reinforced by the provision in the parties' Marital Termination Agreement that

> each party expressly stipulates and agrees that each has entered into this stipulation after full disclosure upon the advice of respective counsel and that each has relied upon the other party having fully disclosed all of his or her assets, both real and personal, all income including any and all assets or income in the nature of third parties and under their control whether or not in their names.

*The need for an evidentiary hearing*

▮ In family cases, non-contempt motions are decided without an evidentiary hearing, "unless otherwise ordered by the court for good cause shown." Minn. R. Gen. Pract. 303.03(d). The precise definition of "good cause" under rule 303.03(d) has yet to be articulated. However, a motion to reopen under Minn.Stat. § 518.145, subd. 2, is an alternative to an "independent action to relieve a party from a judgment." Therefore, the district court should treat such a motion as it would a complaint in a separate action alleging fraud. The district court does not have authority to dispose of such a motion summarily, simply because the motion is ancillary to the dissolution proceeding.

▮ A district court may summarily dispose of a fraud claim (i.e. grant summary judgment) "only where there is no genuine issue of material fact in dispute and where a determination of the applicable law will resolve the controversy." *Gaspord v. Washington County Planning Comm'n*, 312 Minn. 591, 591, 252 N.W.2d 590, 590 (1977). When presented with a motion for summary judgment, the district court may not weigh the evidence. *Wagner v. Schwegmann's South Town Liquor, Inc.*, 485 N.W.2d 730, 733 (Minn.App.1992), *review denied* (Minn. July 16, 1992). Instead, the district court must view the evidence in the light most favorable to the nonmoving party. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn.1982).

Here, the district court failed to view appellant's affidavits in the light most favorable to appellant and, instead, impermissibly weighed other evidence against appellant. Appellant presented evidence that respondent failed to disclose material facts concerning her assets. The district court's memorandum summarizes its determination, that appellant had failed to show fraud, as follows:

Mr. Doering has not made a showing necessitating an evidentiary hearing on the issue of fraud. The information presented, including the affidavit of Attorney Murphy, indicates the parties wanted to end their marriage as quickly and amiably as possible. Prior to contacting Attorney Murphy, the parties discussed and resolved several major issues. At the time the parties first met with Attorney Murphy, Mr. Doering's only concern was that he have enough money to pay the farm debts incurred during the marriage. There is simply no evidence that Ms. Doering intended to misrepresent the value of the marital assets or that she intentionally failed to disclose all the marital assets. In fact, Mr. Doering has failed to show that he requested any information at all or that when requested such information was not provided. In short, Mr. Doering has failed to show that the nondisclosure, if any, was intentional.

■ This summary shows that the district court's ruling is based on the standard of fraud on the court. As noted above, it is not necessary in a marital-dissolution context to show that the adverse party *intentionally* failed to disclose all of the marital assets. Because the confidential relationship between the parties creates an affirmative duty to disclose, nondisclosure is sufficient to establish a breach of that duty, without evidence of intent. Further, because the duty to make a full and fair disclosure is an *affirmative* duty, there is no requirement that the moving party show that he requested the information that was not disclosed; the duty to disclose exists in the absence of such a request.

■ Of course, a party to a marital dissolution could theoretically waive all rights to receive full disclosure from the adverse party. To the extent that the district court's determination implies that such a waiver was made here, that implication is inconsistent with the evidence viewed in the light most favorable to appellant. Appellant's affidavit states that he asked Murphy about respondent's pension and Murphy responded that the value of the pension was private and would not be made part of the court record, but that appellant's reasonable share should be between $145,000 and $193,000. Further, appellant's affidavit states that he relied on the provision in the Marital Termination Agreement, drawn by Murphy, that each party "has relied upon the other party having fully disclosed all of his or her assets, both real and personal * * *." Given this evidence, the court could not conclude as a matter of law that appellant had waived his right to full disclosure.

Respondent argues that the evidence showed appellant "was singularly uninterested in going through the process to assure that there would be a $50\%$ division of [assets]." Respondent's arguments, however, depend on resolving fact disputes in favor of respondent. For example, respondent relies on the deposition testimony of Murphy, who claims that he attempted to make disclosures to appellant of the value of respondent's retirement funds, and that the property division may not result in an equal division of assets, but appellant declined this information. This evidence would be relevant at an evidentiary hearing, but cannot be weighed when viewing the evidence in the light most favorable to appellant.

Similarly, respondent points out that none of the real estate, farm equipment, livestock, or household contents, awarded to appellant, had been inventoried or appraised. While this fact could support an inference that both parties intended to waive full disclosure, it is not conclusive. We note that, at oral argument, appellant's

counsel conceded that if the judgment were reopened, the value of these assets would be relevant to any redetermination of the property division.

Because appellant's affidavits are sufficient to present a fact question of fraud, appellant established good cause for an evidentiary hearing on his motion to reopen the judgment.

*Assistance of counsel*

Although it is not a separate ground for reversal, our conclusion that appellant presented a fact question of fraud is bolstered by the facts that he was not separately represented by counsel and did not unequivocally waive his right to representation. Appellant argues that he was misled into believing that he did not need the assistance of counsel and believed that Murphy was looking after his interests. This assertion seems consistent with the facts that Murphy had been the parties' family lawyer for many years, gave appellant legal advice on several issues during the dissolution proceedings and met with appellant alone and accepted payment from appellant for the legal services he provided during the dissolution. As a result, it would not be unreasonable for appellant to be confused as to Murphy's role. When Murphy suggested a reasonable range for the settlement of appellant's interest in respondent's pension plan, without providing information as to the value of that plan, appellant could reasonably assume that Murphy believed that the set-

tlement fairly reflected the value of the plan and appellant's interest in it.[2]

## DECISION

The district court improperly denied the appellant's motion to reopen without an evidentiary hearing on the issue of fraud. Therefore, we reverse the denial of appellant's motion and remand for an evidentiary hearing. Upon remand, the court should apply the ordinary-fraud standard, as outlined in this opinion; make findings on disputed issues of material fact (with appellant bearing the burden of proof to a fair preponderance of the evidence); and, if grounds to reopen the judgment are shown, make a just and equitable division of the marital property.

**Reversed and remanded.**

2. Murphy was not without options. He could have required appellant to execute a formal waiver of counsel and a written consent to Murphy's representation of respondent. Minn. R. Gen. Pract. 306.01(c) (requiring that pro se signatories to Marital Termination Agreements execute a separate waiver, prepared as an addendum, stating "I know I have the right to be represented by a lawyer of my choice. I hereby expressly waive the right and I freely and voluntarily sign the foregoing stipulation"); Minn. R. Prof. Conduct 1.7, 1.9 (requiring consent from a present or former client to the representation of an adverse party). In addition, he could have declined to offer appellant legal advice or to meet with appellant without respondent present. Finally, if the parties truly intended to waive full disclosure of their respective assets and liabilities, Murphy could have placed such a waiver in the Marital Termination Agreement, and eliminated the stipulation that the parties had relied upon full disclosure.