**In re the Marriage of Kathleen Sue CLARK, Petitioner, Appellant,**

v.

**Steven Craig CLARK, Respondent.**

**No. CX–01–1428.**

Court of Appeals of Minnesota.

April 16, 2002.

Lawrence Downing, Lawrence Downing & Associates, Rochester, for appellant.

Steven K. Murakami, Bagniefski & Murakami, P.P.L.P., Rochester, for respondent.

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and PORITSKY, Judge.

## OPINION

PORITSKY, Judge.*

Appellant-mother Kathleen Clark petitioned to dissolve her marriage to respondent-father Steven Clark. Discovery disputes occurred regarding whether father fully produced his financial information. After the parties entered into an oral stipulation in court, mother discharged her attorney before the attorney could draft a proposed judgment. Father's attorney drafted a proposed judgment, but mother's new attorney objected to entry of a judgment based on it. The court nonetheless adopted father's proposed judgment. Mother moved to reopen under Minn.Stat. § 518.145, subd. 2 (2000). The district court denied mother's motion. Mother appeals, challenging the entry of a judgment based on father's proposed judgment and the denial of her motion to reopen. Both parties seek attorney fees on appeal and to strike portions of the other party's brief. We affirm in part, reverse in part, and remand. We deny the parties' motions to strike and remand their motions for fees on appeal.

## FACTS

The parties married in 1978 and had four children. Mother's employment during the marriage was limited. In 1994, father was laid off and received a severance package that he used to go back to school. In 1996, the family started receiving public assistance, and in 1997, father finished school and received a teaching certificate. By spring 1998, the family had accumulated substantial debt but was off public assistance.

The parties separated in July 1999, and father started making monthly support and maintenance payments. Also in July,

father liquidated a savings plan, netting $56,164.70 after taxes. He put the money in a joint account and used some of it to pay debts. Mother transferred $30,000 from that account into a second account, which had been a joint account but which she had converted to an account in her name only. Father maintains he learned mother had transferred the money out of the first account when the bank told him he lacked the funds to pay the debt on mother's car. He also alleges that he did not know mother had converted the second account to an account in her name only. Because he still had the PIN number for the previously-joint second account, he was able to transfer $25,000 back to the first account. At this point, the bank froze the funds, though whether it did so in response to mother's request to do so or based on bank policy is disputed.

At the time father admitted service of mother's dissolution papers in September 1999, the parties had three remaining minor children. Also, father, in addition to his teaching, was active in a soccer association and earned soccer-related money. During pretrial proceedings, discovery disputes occurred regarding whether father made full financial disclosure, especially his soccer-related income and his disposition of the savings-plan funds. Mother replaced her first attorney. The parties nonetheless negotiated a stipulation.

On the trial date, the parties read a stipulation into the record. The district court directed mother's attorney to draft a proposed judgment. Mother, however, discharged her attorney. Notwithstanding, mother's former attorney, although recently discharged, tendered a proposed judgment. Father's attorney sent moth-

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

er's former attorney a letter objecting to various provisions in the proposed judgment. By this time, mother hired a third attorney. The district court directed father's attorney to prepare a proposed judgment, and mother's third attorney sent the district court a letter objecting to the proposed judgment, alleging that it was unfair and that certain provisions went beyond the scope of the stipulation. The letter also sought a hearing regarding father's proposed judgment. The district court adopted father's proposed judgment. When the court did so, it did not have a transcript of the oral stipulation. Mother then moved to reopen the resulting judgment under Minn.Stat. § 518.145, subd. 2 and subsequently provided the district court with a transcript of the stipulation. Mother also made a supplemental motion regarding her attempt to reopen the judgment under Minn.Stat. § 518.145, subd. 2, alleging father had misrepresented his income. The district court denied mother's motion to reopen based on its application of the analysis set out in *Tomscak v. Tomscak*, 352 N.W.2d 464 (Minn.App.1984) and denied her supplemental motion as untimely. Mother appeals. Each party seeks both attorney fees on appeal and to strike portions of the other party's brief.

## ISSUES

1. Did the district court abuse its discretion in refusing to vacate the parties' stipulation?

2. Did the district court err in entering a judgment on the stipulation?

3. Did the district court abuse its discretion by denying mother's motion to reopen the stipulated judgment?

4. Is either party entitled to attorney fees on appeal?

## ANALYSIS

### I.

■■■ Before the district court acted on father's proposed judgment, mother sent the court a letter objecting to the proposed judgment. Prior to the time judgment is entered on an oral stipulation, a party may seek relief in either or both of two ways. First, the party can seek to withdraw from or vacate the stipulation upon which the proposed judgment is based. *See Shirk v. Shirk*, 561 N.W.2d 519, 521–22 (Minn.1997) (addressing withdrawal from and vacation of dissolution stipulations). Second, the party can attack the proposed judgment, alleging that the proposed judgment does not accurately reflect the parties' stipulation. *See* Minn. R. Gen. Pract. 307(b) (addressing procedure for entering dissolution judgments based on stipulations). Dissolution stipulations are "accorded the sanctity of binding contracts" and a party to a dissolution stipulation cannot withdraw from or repudiate a dissolution stipulation without obtaining either the other party's consent, or leave of the court for good cause. *Shirk*, 561 N.W.2d at 521–22. For this reason, absent the other party's consent, "the court's permission, *and hence a motion*, [*are*] *required*" for a party to be relieved of a stipulation. *Toughill v. Toughill*, 609 N.W.2d 634, 638 (Minn.App. 2000) (emphasis added) (footnote omitted). Here, because mother's *letter* to the district court was not a *motion* seeking to vacate the stipulation, any attempt by mother to vacate the stipulation under *Shirk* was defective and the district court did not abuse its discretion by refusing to vacate the parties' stipulation.

### II.

■■■ Mother argues that the district court erred by approving father's proposed judgment. Citing Minn. R. Gen. Pract. 307(b), she alleges that father's proposed judgment did not accurately reflect the

parties' stipulation.[1] Rule 307(b), which sets out the procedure for entering a judgment based on a dissolution stipulation, states:

> Where a stipulation has been entered orally upon the record, the lawyer directed to prepare the decree shall submit it to the court with a copy to each party. Unless a written, fully executed stipulation is filed or unless the decree contains the written approval of the lawyer for each party, a transcript of the oral stipulation shall be filed by the lawyer directed to prepare the decree. * * * Entry of a decree shall be deferred for 14 days to allow for objections unless the decree contains the written approval of the lawyer for each party.

■ Interpretation and application of procedural rules are legal issues that are reviewed de novo. *Olson v. Synergistic Technologies Bus. Sys., Inc.,* 628 N.W.2d 142, 153 (Minn.2001); *Whalen ex rel. Whalen v. Whalen,* 594 N.W.2d 277, 280 (Minn.App.1999). In a case like the present one, where the proposed judgment is based on an oral stipulation, and where the proposed judgment does not contain the written approval of the lawyer for each party, Rule 307(b) contemplates the following procedure: (1) The lawyer who prepares the proposed judgment shall submit it to the court, with copies to each party; (2) The same lawyer shall file with the court a transcript of the stipulation; (3) Before entering judgment, the court shall wait 14 days from the date the transcript is filed and the proposed judgment is served and filed (and if they are filed separately, from the date the later is filed) to allow for objections; (4) If no objection is received with 14 days, the court is free to enter the proposed judgment as the judgment of the court. If any objections are made, the court is obliged to examine the objections and transcript to decide on the appropriate procedure before entering the decree.

■ Here, father's proposed judgment was filed on April 2, 2001. On April 5, mother's attorney sent a letter to the court, objecting to entry of the proposed judgment. The court approved the proposed judgment a week later, and judgment entered on the order for judgment on April 17. We initially note that because Rule 307(b) does not require a motion, the fact that mother made her objections to father's proposed judgment by letter is sufficient.[2] At the time the judgment was

---

1. We note that while mother's letter objected to the court taking any action on the stipulation without giving the parties an opportunity for "a full presentation of their positions," mother did not cite rule 307(b) to the district court until her post-judgment motion. Generally, arguing an issue in a posttrial motion or on appeal, even one previously raised in the district court, on a theory other than the theory upon which that issue was initially argued to the district court precludes the district or appellate court from addressing the newly raised theory. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (appeal); *Minnesota Mut. Fire & Cas. Co. v. Retrum,* 456 N.W.2d 719, 723 (Minn.App.1990) (posttrial motion). Having reviewed the letter and the file, we conclude that, here, the essence of the 307(b) question was presented to the district court in the letter and therefore that we are not precluded from addressing it. The better practice would have been to explicitly cite the specific statute or rule, subdivision, and clause (if necessary) or case language under which a party seeks relief. A failure to do so leaves the district court to guess at the precise basis for the request for relief.

2. We note, however, the difficulties and risks inherent in seeking relief from a district court by letter, including but not limited to, the problem of preserving a complete record of such letter-based proceedings for appellate review. *Cf.* Minn. R. Civ.App. P. 110.01 (stating record on appeal is "papers *filed* in the trial court") (emphasis added). Such risks and problems make it clear that the better procedure is to serve and file a notice of motion

entered, however, the transcript had not been filed. Upon receiving mother's objections, the court was obliged to defer entering judgment until the transcript was filed and the 14 day period had run.

 Mother alleges that the district court erred in adopting father's proposed judgment because it included provisions beyond those in the stipulation and therefore the parties could not have had a meeting of the minds on those provisions. *See Ryan v. Ryan,* 292 Minn. 52, 55, 193 N.W.2d 295, 297 (1971) (noting settlement of lawsuit requires "a meeting of the minds on the essential terms of the agreement"). While a district court has the discretion to accept all or part of a proposed stipulation, "generally, [a district court] cannot, by judicial fiat, impose conditions on the parties to which they did not stipulate and thereby deprive the parties of their 'day in court.'" *Toughill,* 609 N.W.2d at 638–39 n. 1. Here, since father submitted neither a transcript nor the written approval of counsel for both parties, there was no compliance with 307(b). Because Rule 307(b) was not complied with, the district court erred when it signed the proposed judgment.

Mother did, however, later provide the district court a transcript of the stipulation hearing sometime between her May 4 motion to reopen the judgment under Minn. Stat. § 518.145, subd. 2 and her June 8 supplemental motion. In the district court's memorandum accompanying its order denying mother's motion to reopen the judgment under Minn.Stat. § 518.145, subd. 2, the court stated that it had reviewed the transcript and, based on that review, was rejecting mother's allegations that the proposed judgment did not accurately reflect the parties' stipulation. Although the court's analysis of mother's objections came after the judgment was signed, the error is harmless because Mother received the review that she would have received had the court complied with Rule 307(b). *Cf.* Minn. R. Civ. P. 61 (stating harmless error to be ignored).

### III.

 Mother also challenges the district court's denial of her motion to reopen the judgment under Minn.Stat. § 518.145, subd. 2 (2000). Whether to reopen a dissolution judgment under Minn.Stat. § 518.145, subd. 2, is discretionary with the district court. *Haefele v. Haefele,* 621 N.W.2d 758, 761 (Minn.App.2001), *review denied* (Minn. Feb. 21, 2001). Here, the district court denied mother's motion, basing its ruling on a *Tomscak* analysis. *Tomscak,* however, becomes inapplicable once judgment is entered because the "sole relief" from a stipulated dissolution judgment "lies in meeting the requirements of Minn.Stat. § 518.145, subd. 2." *Shirk,* 561 N.W.2d at 522; *see Toughill,* 609 N.W.2d at 640 (stating "sole" relief from stipulated dissolution judgment lies in satisfying Minn.Stat. § 518.145, subd. 2, because that statute "functionally overruled *Tomscak* and its progeny to the extent that those cases allowed vacation of stipulation-based dissolution judgments on grounds other than those listed in the statute"). Therefore, the district court erred in applying the *Tomscak* analysis to resolve mother's motion to reopen the judgment under Minn.Stat. § 518.145, subd. 2. An incorrect application of the law constitutes an abuse of the district court's discretion. *See, e.g., Ayers v. Ayers,* 508 N.W.2d 515, 518

and motion, along with any necessary supporting memorandum, affidavit(s), and other documents, moving the district court not to enter judgment on the proposed judgment.

We see no procedural prohibition on combining such a motion with a motion to vacate a stipulation.

(Minn.1993) (noting incorrect application of law is an abuse of discretion in custody cases); *Shepard v. City of St. Paul,* 380 N.W.2d 140, 143 (Minn.App.1985) (same regarding attorney fees) (citing *Jorstad v. IDS Realty Trust,* 643 F.2d 1305, 1312 (8th Cir.1981)). Therefore, we reverse the district court's denial of mother's motion to reopen. On remand the district court shall address mother's request for relief under Minn.Stat. § 518.145, subd. 2 and shall do so by applying the analysis applicable to a motion brought under that statute.[3]

Because mother's supplemental motion was made three days before the hearing on her motion to reopen the judgment, the district court correctly ruled that the supplemental motion was untimely. Minn. R. Gen. Pract. 303.03(a)(1).

### IV.

By motion, both parties seek attorney fees on appeal. Neither party's motion cites authority for their request. *See* Minn. R. Civ.App. P. 139.06, subd. 1 (requiring motions for attorney fees on appeal to be supported by adequate documentation). Attorney fees are not recoverable absent specific authority allowing their recovery, and dissolution cases can potentially involve several bases for attorney fees, each basis having different requirements for a fee award. *Geske v.*

*Marcolina,* 624 N.W.2d 813, 816 (Minn. App.2001). Review of the parties' papers, however, renders it clear that both seek need-based attorney fees under Minn.Stat. § 518.14, subd. 1 (2000).[4] For this reason we will address those aspects of their motions. To the extent either party sought fees for any other reason, their motion is denied.

Attorney fees under Minn.Stat. § 518.14, subd. 1 may be awarded at "any point in the proceeding." And whether to award need-based attorney fees on appeal is discretionary with this court. *Case v. Case,* 516 N.W.2d 570, 574 (Minn.App. 1994). Need-based attorney fees as well as costs and disbursements "shall" be awarded "in an amount necessary to enable a party to carry on or contest the proceeding" if the court finds (a) the fees are necessary for a good-faith assertion of rights; (b) the payor has the ability to pay the award; and (c) the recipient lacks the ability to pay his or her own fees. Minn. Stat. § 518.14, subd. 1. Here, a major part of mother's motion to reopen the judgment under Minn.Stat. § 518.145, subd. 2 is based on her assertions that father fraudulently failed to disclose his income. *See Doering v. Doering,* 629 N.W.2d 124, 129–30 (Minn.App.2001) (stating, for purposes of reopening a dissolution judgment for fraud under Minn.Stat. § 518.145, subd. 2,

---

3. Mother alleges that when a party asks the district court reopen a stipulated dissolution judgment, the district court may, under *Tomscak,* vacate the stipulation on which the judgment is based *or* grant relief under Minn.Stat. § 518.145, subd. 2 which allows relief from the judgment itself. Therefore, mother concludes, the district court erred in denying her challenge to the judgment by addressing only the *Tomscak* analysis. This argument is not persuasive. Once a judgment is entered based on a stipulation, the stipulation "is merged into the judgment" and "cannot thereafter be the target of attack by a party seeking relief from the judgment * * * The *sole* relief from the judgment and decree lies

in meeting the requirements of Minn.Stat. § 518.145, subd. 2." *Shirk,* 561 N.W.2d at 522 (emphasis added).

4. Section 518.14, subdivision 1 allows awards of need-based and conduct-based attorney fees. Therefore, parties citing Minn.Stat. § 518.14, subd. 1 as the basis for a fee request should specify whether they are seeking need-based fees, conduct-based fees, or both. Whatever type(s) of fees are sought, the party seeking them must also provide an adequate factual basis for the requested award. Minn. R. Civ.App. P. 139.06, subd. 1.

fraud includes a party's failure to make full disclosure), *review denied* (Minn. Sept. 11, 2001).[5] If, in further proceedings, the district court finds that father had more income than he revealed, such a finding will affect his ability to pay, or receive, fees. The existence of fraud is a factual question. *See, e.g., Doering,* 629 N.W.2d at 130 (noting district court may summarily dispose of fraud claim only if there are no disputed facts). This court cannot resolve that question. *See Kucera v. Kucera,* 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1966) (stating "[i]t is not within the province of [appellate courts] to determine issues of fact on appeal"). For that reason, father's income, and hence his ability to pay his own or mother's attorney fees, is unclear. We remand both parties' requests for need-based attorney fees on appeal to be addressed by the district court in light of its determinations on the other remanded issues. *See Geske,* 624 N.W.2d at 819–20 (remanding issue of appellate attorney fees for determination in light of rulings made on remand).

Having reviewed the record and the portions of each party's brief that the other party seeks to strike, we deny both parties' motion to strike as referring to information in the record or as unnecessary in light of our resolution of this appeal, or both. *See* Minn. R. Civ. P. 110.01 (defining record on appeal as documents submitted to district court).

## DECISION

Because mother did not file a motion to vacate the parties' stipulation, the district court did not abuse its discretion by not vacating the stipulation. Relief under Minn. R. Gen. Pract. 307(b) does not require a motion and mother's letter was adequate to raise a request for relief under that rule. Although the district court erred when it signed father's proposed judgment, because it did not have the transcript required by Rule 307(b), the error is harmless because upon mother's motion to reopen the judgment, the court reviewed the transcript and addressed whether the parties had a meeting of the minds and whether father's proposed judgment substantively conforms to the parties' stipulation. On remand, the district court shall address the propriety of reopening the judgment under Minn.Stat. § 518.145, subd. 2. The district court shall address the parties' requests for attorney fees on appeal. The parties' motions to strike are denied.

**Affirmed in part, reversed in part, and remanded; motions denied in part and remanded.**

---

5. That *Doering* was decided after the district court heard this matter does not mean that *Doering* is inapplicable here. Generally, case law applies retroactively. *Hoff v. Kempton,* 317 N.W.2d 361, 363 (Minn.1982).