*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0235**

In re the Marriage of: Brian Leon Boucher, petitioner,
Respondent,

vs.

Xiuwen Li,
Appellant.

**Filed August 4, 2014
Affirmed
Stauber, Judge**

Hennepin County District Court
File No. 27FA132711

Mark A Carter, Carter Legal Services, P.A., Hopkins, Minnesota (for respondent)

Dongfa Zhou, Eagan, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Stauber, Judge; and Kirk, Judge.

## U N P U B L I S H E D   O P I N I O N

**STAUBER**, Judge

On appeal from a default dissolution-of-marriage judgment, appellant-wife argues that the district court abused its discretion by denying her motion to reopen the judgment and decree because the record shows the existence of fraud. We affirm.

## FACTS

Appellant Xiuwen Li and respondent Brian Boucher were married in August 2000. In January 2013, two years after appellant moved to China, respondent commenced this dissolution action by service of the summons and petition by US/International mail pursuant to an order by the district court. Appellant failed to answer the summons, and respondent filed an affidavit of default on April 16, 2013. The district court subsequently filed its findings of fact, conclusions of law, and order for judgment, dissolving the parties' marriage and awarding respondent the marital property requested in his petition.

In July 2013, appellant moved to reopen the judgment and decree alleging that it "was obtained by fraud." Specifically, appellant alleged that after receiving the summons and petition, she contacted respondent, who told her that "he did not want the divorce; that he was just trying to scare her; and that he had 'withdrawn his petition.'" Appellant claimed that she "trusted" respondent "so she did not respond to the petition."

The district court found that appellant "has alleged no facts that support a determination of either ordinary fraud or fraud on the Court." The court also found that even if respondent made the alleged statements to appellant, they "would not negate [appellant's] responsibilities" to respond to the summons and petition. Thus, the district court denied appellant's motion to reopen the judgment and decree. This appeal followed.

## D E C I S I O N

We review the district court's decision on a motion to reopen a judgment for an abuse of discretion. *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn. 1996). The

2

district court's findings on whether the judgment was prompted by mistake or fraud will not be set aside unless they are clearly erroneous. *Hestekin v. Hestekin*, 587 N.W.2d 308, 310 (Minn. App. 1998).

A dissolution decree is final when entered, subject to the right to appeal. Minn. Stat. § 518.145, subd. 1 (2012). "The appropriate method to seek review of a default judgment in a marriage dissolution proceeding is to move the [district] court for relief under Minn. Stat. § 518.145." *Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 493 (Minn. App. 1995). The statutory bases for relieving a party from a judgment and decree include "fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party," Minn. Stat. § 518.145, subd. 2(3) (2012), and "fraud upon the court." *Id.*, subd. 2 (2012). The statutory bases for reopening a judgment also include "excusable neglect." Minn. Stat. § 518.145, subd. 2(1). The party seeking relief from a judgment bears the burden of proof. *Haefele v. Haefele*, 621 N.W.2d 758, 765 (Minn. App. 2001), *review denied* (Minn. Feb. 21, 2001).

Appellant initially contends that the judgment should be vacated due to excusable neglect. But as respondent points out, this argument was neither raised before, nor decided by, the district court. It is well settled that this court generally will not consider matters not argued to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Accordingly, the excusable neglect issue has been waived.

Appellant also contends that the judgment and decree was obtained by fraud because respondent "engaged in an intentional course of material misrepresentation to lure [a]ppellant not to come back [from China] to contest the marriage proceeding by

3

promising to reconcile if [a]ppellant came back." Appellant argues that she trusted respondent, so she did not respond to the summons and petition, which resulted in a "grossly unfair property settlement." Appellant argues further that respondent continued his fraudulent conduct "when the decree was final" by promising appellant that he would "set aside the decree if she came back" to the United States. Thus, appellant argues that the district court abused its discretion by denying her request to reopen the default judgment.

Because appellant's brief makes undifferentiated references to the standards for both ordinary fraud and fraud upon the court, which are two distinct concepts, it is unclear whether appellant is claiming that respondent's conduct constitutes ordinary fraud or fraud on the court. Nonetheless, because appellant's motion was made within one year of the entry of judgment, the ordinary fraud standard is the correct standard to be applied here. *See Doering v. Doering*, 629 N.W.2d 124, 130 (Minn. App. 2001), *review denied* (Minn. Sept. 11, 2001). Ordinary fraud in the context of a dissolution does not require intentional misrepresentation or nondisclosure; rather, "failure of a party . . . to make a full and complete disclosure constitutes sufficient reason to reopen the dissolution judgment. . . ." *Id.* at 129.

Respondent argues that there is no factual basis supporting appellant's argument because appellant failed to file a sworn affidavit in conjunction with her motion to reopen the judgment and decree as required by Minn. R. Pract. 303.02(a). This rule provides that motions in family court must "be supported by signed, sworn and notarized affidavits that contain facts relevant to the issues before the court." *Id.* "The court, in its discretion,

may refuse to permit oral argument by the party not filing the required documents, . . . or may take other appropriate action." *Id.* 303.03(b).

The record reflects that appellant's motion to reopen the default judgment was not supported by a signed, sworn, and notarized affidavit as required by Minn. R. Gen. Pract. 303.02(a). The record also reflects that after respondent noted the deficiency, appellant filed an untimely supporting affidavit on October 3, 2013. But respondent claimed that he was never served with the affidavit and no affidavit of service for the supporting affidavit was filed with the district court. Nonetheless, although untimely, appellant's affidavit constitutes a factual basis for her claim. And the record reflects that respondent did not receive the untimely affidavit due to problems with the e-filing system. In any event, the district court appeared to allow appellant's counsel some latitude and accepted the affidavit, which under Minn. R. Gen. Pract. 303.03(b), was within the court's discretion.

Respondent argues further that the district court properly denied appellant's motion to reopen the dissolution judgment because appellant failed to provide sufficient evidence to support her allegation of fraud. We agree. The district court should treat a fraud-based motion for relief under Minn. Stat. § 518.145, subd. 2, as it would a complaint in a separate action alleging fraud. *Doering*, 629 N.W.2d at 130. "A district court may summarily dispose of a fraud claim (i.e., grant summary judgment) only where there is no genuine issue of material fact in dispute and where a determination of the applicable law will resolve the controversy." *Id.* (quotation omitted). The district court "may not weigh the evidence" when determining the appropriateness of summary

judgment, but "must view the evidence in the light most favorable to the nonmoving party." *Id.*

The misrepresentation or concealment of a material fact in the dissolution context is a necessary component of a finding of fraud. *Kornberg*, 542 N.W.2d at 387-88. In *Kornberg*, wife did not allege that husband concealed or misrepresented the parties' financial situation; instead, she alleged that husband had misled the court and counsel about his intention to take future actions after entry of the decree to defeat income she expected to receive from corporate dividends. *Id.* The supreme court concluded that wife was unable to show fraud: "[Wife] was not excluded from access to information concerning finances, has made no allegations of concealment of funds, and has made no allegations of [husband's] misrepresentation of a specific material fact. She alleges only his covert and unexpressed 'intention.'" *Id.*

Here, appellant's fraud claim was premised on the allegation that respondent told appellant that he had withdrawn the petition. As in *Kornberg*, appellant did not allege that respondent failed to make a full and complete disclosure of assets. *See id.* (affirming finding of no fraud where both parties were represented by counsel, there was no intentional misrepresentation or concealment of funds, appellant was not excluded from access to information concerning assets, and resulting property division was not unfair). Moreover, as the district court found, appellant received the petition for dissolution which, even if respondent made the statements as alleged by appellant, "would not negate [appellant's] responsibilities" to respond to the petition. And, other than appellant's conclusory allegation made in her affidavit, there was no additional evidence submitted

6

by appellant supporting her claim of fraud.  Because the record, when viewed in the light most favorable to respondent, lacks any evidence supporting appellant's allegation of fraud other than appellant's conclusory allegation, we conclude that the district court did not abuse its discretion by denying appellant's motion to reopen the judgment and decree.

**Affirmed.**