*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0265**

In re the Marriage of:
Dontrell Valerie Thornton, petitioner,
Respondent,

vs.

Herbert Thornton, Jr.,
Appellant.

**Filed March 28, 2016
Affirmed; motions to strike granted in part and denied in part
and motion to preserve the record denied
Kirk, Judge**

Washington County District Court
File No. 82-FA-13-1988

Elise G. Kosloski, Staci McCormick, Cornerstone Family Law, LLC, Minneapolis, Minnesota (for respondent)

Herbert Thornton, Jr., Chester, Virginia (pro se appellant)

Considered and decided by Larkin, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

# UNPUBLISHED OPINION

**KIRK**, Judge

Appellant-husband challenges the district court's denial of his motion to reopen the parties' default dissolution judgment. Respondent-wife moves to strike arguments in

husband's principal and reply briefs, and husband moves to "preserve" the record. We affirm, grant wife's motions to strike in part and deny in part, and deny husband's motion.

## FACTS

In April 2013, after 21 years of marriage, respondent-wife Dontrell Valerie Thornton petitioned for marital dissolution from appellant-husband Herbert Thornton, Jr. At the time of the marital dissolution, the parties had two minor children. Husband failed to answer the petition, file pleadings, and respond to wife's discovery requests. The district court entered a default judgment dissolving the parties' marriage and granted wife sole legal and sole physical custody of the children. The district court awarded wife half of husband's military and pension benefits, temporary maintenance, some of the retirement accounts, and all of the interest in the timeshare real property. It also ordered the sale of the marital home. The district court retained jurisdiction over the matter in order to ensure that wife received her share of the property division. Given the delays and difficulties caused by husband's failure to provide any information to wife, the district court awarded wife attorney fees.

In July 2014, husband moved to set aside the dissolution judgment and associated orders demanding his compliance with the division of marital property. He sought relief on the grounds of reasonable defense on the merits, excusable neglect, military service, and fraud. *See* Minn. Stat. § 518.145, subd. 2 (2014) (addressing motions to reopen dissolution judgments). He explained that he did not answer wife's dissolution petition because he suffered from post-traumatic stress disorder (PTSD) and depression. He also

2

requested temporary joint legal and physical custody and appointment of a guardian ad litem (GAL) for the parties' children.

At the hearing, husband offered documents to the district court that he claimed substantiated his medical diagnoses, and the court accepted the documents into evidence. Wife testified that she truthfully represented her financial situation to the district court in her petition for marital dissolution, and husband did not submit any records to support his claims relating to the valuation or division of marital assets.

After a hearing, the district court denied his motion in its entirety, finding no evidence of fraud on the part of wife and husband's testimony to be incredible. It found that husband failed to establish that he had a reasonable claim or defense on the merits, a reasonable excusable-neglect argument, or that wife would not be substantially prejudiced if the judgment were set aside and reopened. It also found that husband's medical notes failed to show that he was suffering from PTSD and depression during the proceedings. It ordered the judgment and decree to remain in full force and effect, denied husband's motion for custody and appointment of a guardian ad litem, and awarded wife $2,065.00 in attorney fees.

Husband appeals.

## DECISION

We review a district court's denial of a motion to vacate a default judgment for an abuse of discretion. *Roehrdanz v. Brill*, 682 N.W.2d 626, 631 (Minn. 2004). A district court's findings will not be set aside unless clearly erroneous. *Hestekin v. Hestekin*, 587 N.W.2d 308, 310 (Minn. App. 1998). The moving party carries the burden of establishing

3

a basis to reopen the judgment and decree. *Thompson v. Thompson*, 739 N.W.2d 424, 428 (Minn. App. 2007).

> **A.** **Motion for relief from default judgment under Minn. Stat. § 518.145**

"A decree of dissolution is final when entered, subject to the right of appeal." Minn. Stat. § 518.145, subd. 1. The district court may relieve a party from judgment and order a new trial on the ground of fraud or excusable neglect. *Id.*, subd. 2(1), (3) (2014). A party may move to reopen a dissolution judgment for fraud if it is brought within one year after judgment. *Id.*, subd. 2 (2014); *Doering v. Doering*, 629 N.W.2d 124, 129-30 (Minn. App. 2001), *review denied* (Minn. Sept. 11, 2001). In a dissolution context, ordinary fraud occurs when a party fails to "make a full and complete disclosure." *Doering*, 629 N.W.2d at 130-31.

Husband, who is acting pro se, argues that wife committed fraud when she failed to fully and completely disclose her personal, business, and military income in her marital-dissolution court filings. The district court concluded that husband failed to show ordinary fraud. The record shows that wife testified that she made a full and complete disclosure of her knowledge of her financial situation when she petitioned for divorce. Unlike husband, the district court found wife to be a credible witness, and the fact-finder is in the best position to judge witness credibility. *Kroning v. State Farm Auto. Ins. Co.*, 567 N.W.2d 42, 46 (Minn. 1997). Husband offered no evidence to the district court to support his claim of fraud. Based on the record, the district court did not abuse its discretion in concluding that husband failed to show fraud.

4

Husband next argues that his failure to respond to wife's marital-dissolution petition was excusable neglect because he suffers from PTSD and depression. In support of his claim, husband submitted additional medical records, but we do not consider them because the records were never presented to the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1998) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it.") (quotation omitted).

### B.      Minn. R. Civ. P. 60.02(a)

Husband seeks to be relieved from the default judgment under Minn. R. Civ. P. 60.02(a). Although rule 60.02(a) does not technically apply to marriage-dissolution decrees, *Lindsey v. Lindsey*, 388 N.W.2d 713, 716 n.1 (Minn. 1986), cases citing the rule can be used when applying Minn. Stat. § 518.145, subd. 2. *See Peterson v. Eishen*, 512 N.W.2d 338, 341 (Minn. 1994) (applying cases interpreting rule 60.02 in analyzing motion to vacate orders and judgment in a paternity case governed by Minn. Stat. § 518.145, subd. 2(4)), *superseded by rule on other grounds*, Minn. R. Civ. P. 12.02, as recognized in *Fed.-Hoffman, Inc. v. Fackler*, 549 N.W.2d 93, 95 (Minn. App. 1996), *review denied* (Minn. Aug. 20, 1996).

To qualify for relief from a final judgment under rule 60.02, the moving party has the burden of demonstrating: (1) a reasonable defense on the merits; (2) a reasonable excuse for failure or neglect to act; (3) due diligence after notice of entry of judgment; and (4) absence of substantial prejudice to the opponent. *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). All four *Finden* factors "must be proven, but a weak showing

5

on one factor may be offset by a strong showing on the others." *Reid v. Strodtman*, 631 N.W.2d 414, 419 (Minn. App. 2001).

*Reasonable defense on the merits*

"A reasonable defense on the merits is one that, if established, provides a defense to the plaintiff's claim." *Northland Temps., Inc. v. Turpin*, 744 N.W.2d 398, 403 (Minn. App. 2008), *review denied* (Minn. Apr. 29, 2008). "Specific information that clearly demonstrates the existence of a debatably meritorious defense satisfies this factor." *Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775 N.W.2d 168, 174 (Minn. App. 2009) (quotation omitted), *review denied* (Minn. Jan. 27, 2010).

Husband argues that his reasonable defense on the merits is that the district court erred by: (1) concluding that he had no interest in wife's military pension; (2) failing to value wife's business; and (3) failing to account for cash held in a marital checking account. He asserts that, as a matter of law, he has a legal right to wife's military pension. But the record demonstrates that wife testified that she was not a member of the National Guard at the time of the marital dissolution, and she had no interest in a military pension at that time. Husband offered no evidence to the district court demonstrating that wife had a military pension at the time of dissolution.

Turning to the valuation of wife's business, when dividing marital assets and debt under Minn. Stat. § 518.58, subd. 1 (2014), the district court is required to consider many factors, including "the contribution of each in the acquisition, preservation, depreciation or appreciation in the amount or value of the marital property." In the judgment and decree, the district court found that wife was a 50% owner of Imani Hospitality Homecare, LLC,

6

which provided an average gross monthly income of $206, and it awarded her all right, title, and interest to her share of the business. Wife testified that she provided accurate information about the valuation of the business to the district court. Husband provided no evidence to the district court regarding the valuation of wife's business.

Finally, husband argues that the district court erred when it failed to account for a large sum of money held by wife in an account at U.S. Bank. He asserts that wife failed to mention these funds to the district court. The record does not indicate that husband provided any evidence to the district court about assets held in the disputed bank account.

Under these facts, husband has not shown the existence of specific information demonstrating the existence of a debatably meritorious claim that he is entitled to any of these assets. He has failed to satisfy the first *Finden* factor.

*Reasonable excuse*

"Neglect of the party [himself] which leads to entry of a default judgment is inexcusable, and such neglect is a proper ground for refusing to reopen a judgment." *Black v. Rimmer*, 700 N.W.2d 521, 527 (Minn. App. 2005) (quotation omitted), *review dismissed* (Minn. Sept. 28, 2005).

Husband argues that he was unfamiliar with the legal system and did not answer wife's marital-dissolution petition because he was undergoing difficulties in his personal life. Generally, pro se litigants are held to the same standards as attorneys and unfamiliarity with procedural rules is not good cause to excuse untimely action. *Heinsch v. Lot 27*, 399 N.W.2d 107, 109 (Minn. App. 1987). A respondent has 30 days to answer a petition for dissolution of marriage. Minn. Stat. § 518.12 (2014). Here, the record shows that wife

7

served husband with the petition for marital dissolution on April 4, 2013. Husband failed to appear for the initial case management conference on May 22. On July 9, the district court held a default hearing, and husband again failed to appear or submit an answer to her petition. Husband did not file his answer until July 19, about two and a half months after his answer was due. Moreover, the district court noted in the dissolution judgment that husband had hindered finalization of the judgment and decree by failing to answer discovery requests and provide any information about his financial assets. The district court did not err by proceeding to default under Minn. Stat. § 518.13, subd. 1 (2014). We conclude that husband lacked a reasonable excuse.

*Due diligence*

The record demonstrates that husband did not act with due diligence after notice of the entry of default judgment. Rather, he waited to file his motion to vacate until late July 2014, one month before the deadline. *See Lund v. Pan Am. Machs. Sales*, 405 N.W.2d 550, 554 (Minn. App. 1987); *see also* Minn. R. Civ. P. 60.02 (providing that a motion to vacate "shall be made . . . not more than one year after the judgment, order, or proceeding was taken").

*Substantial prejudice*

When the district court perceives that a party has intentionally ignored the process, "[t]he additional expense of granting relief must be viewed in a different light." *Black*, 700 N.W.2d at 528. Here, the district court found that husband had a lengthy history of raising untimely and meritless defenses and claims that interfered with wife's rights. The record

8

amply supports the district court's conclusion that husband failed to prove that wife would not be substantially prejudiced if the judgment were reopened.

Because husband fails to satisfy the *Finden* factors, we conclude that the district court did not abuse its discretion by denying husband's motion to reopen the default judgment.

### C.  Outstanding motions

The record on appeal consists of "[t]he documents filed in the [district] court, the exhibits, and the transcript of the proceedings." Minn. R. Civ. App. P. 110.01.

Wife moves to strike husband's excusable-neglect claim under Minn. Stat. § 518.145 on the ground that husband's statement of the facts is not supported by the citations to the record and husband refers to matters that are not supported by the record. Husband did not file a response to wife's motion to strike.  After an August 2014 motion hearing, the district court received copies of husband's medical records in support of his claim that he was suffering from PTSD and depression.  The district court concluded that the medical records did not provide any relevant information regarding his health condition, let alone a diagnosis of PTSD or depression.

On appeal, each statement of a material fact in a brief shall be accompanied by a reference to the record, as provided by Minn. R. Civ. App. P. 128.03.  Minn. R. Civ. App. P. 128.02, subd. 1(c).  We grant wife's motion to strike because husband has not shown that the statements in the "excusable neglect" section of the brief regarding his physical and mental health are supported by the record.

Husband moves to "preserve the record," arguing that the record may be corrected under Minn. R. Civ. App. P. 110.05 to include certain documents pertaining to wife's financial circumstances, including tax forms, bank statements, and documents showing wife's income. Wife argues that these documents are not part of the record on appeal because they were never considered by the district court. We agree. Because husband seeks consideration of these documents for the purpose of reversing the district court, the record cannot be corrected to include the financial documents because they were never presented to the district court to decide the matter and correct the record accordingly. *See Funchess v. Cecil Newman Corp.*, 632 N.W.2d 666, 673 (Minn. 2001) (holding that a party may not change the record on appeal).

Finally, wife moves to strike husband's reply brief, arguing that it reiterates the arguments made in his principal brief. A "reply brief must be confined to new matter raised in the brief of the respondent." Minn. R. Civ. App. P. 128.02, subd. 4. Reply briefs are liberally construed to allow appellant to respond to the arguments raised by respondent, even if they are not technically new matter. 3 Eric J. Magnuson et al., *Minnesota Practice* § 128.8 (2015). To the extent that a reply brief offers a rebuttal of the arguments raised by the respondent, the brief does not violate rule 128.02. *Goeman v. Allstate Ins. Co.*, 725 N.W.2d 375, 378 (Minn. App. 2006). We deny wife's motion to strike all of husband's reply brief because, while he reiterates some arguments, it is in response to wife's arguments raised in her response brief.

But we grant wife's motion to strike portions of husband's reply brief and addendum pertaining to matters outside the record on appeal, including medical records and financial

10

documents that are not marked as exhibits that husband references in support of his reasonable-excuse claim. "An appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence [by the district court]." *Thiele*, 425 N.W.2d at 582-83.

**Affirmed; motions to strike granted in part and denied in part, and motion to preserve the record denied.**