*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0314**

In re the Marriage of:
Mashell Marie Bjorge, petitioner,
Appellant,

vs.

Jason Willard Maahs,
Respondent.

**Filed January 30, 2017
Affirmed
Bjorkman, Judge**

Meeker County District Court
File Nos. 47-FA-15-41, 47-CV-15-672

Gregory R. Anderson, Anderson Larson Saunders & Klaassen, PLLP, Willmar, Minnesota (for appellant)

Brian M. Olsen, Brian M. Olsen Law Office, Cokato, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Connolly, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant-wife challenges the district court's grant of respondent-husband's motion to reopen a default dissolution judgment, arguing the district court erred by

requiring her to present her husband's anticipated arguments at the default hearing and by vacating all aspects of the judgment. We affirm.

## FACTS

Appellant-wife Mashell Marie Bjorge and respondent-husband Jason Willard Maahs were married on July 25, 2007. On December 23, 2014, wife served husband with a petition for marriage dissolution. Husband did not respond. On March 6, 2015, wife served husband with a notice of intent to request entry of default judgment. On April 9, the district court granted wife a default dissolution judgment, adopting her proposed findings of fact, conclusions of law, and order for judgment. The judgment awarded wife "all right, title, and interest" in a farmstead that wife identified as being owned by the parties. On July 15, wife initiated a separate eviction action; the district court subsequently issued an order evicting husband from the farmstead.

On September 5, wife served husband with the writ of recovery of the premises and order to vacate the farmstead. For the first time, husband consulted an attorney. On September 14, husband moved to vacate the dissolution judgment under Minn. Stat. § 518.145, subd. 2(3) (2016), arguing that wife committed fraud by failing to disclose that the farmstead was husband's nonmarital property.[1] In support of his motion, husband submitted his affidavit and property-tax statements that list him as the property owner. Wife's responsive affidavit did not challenge husband's averment that he has a significant nonmarital interest in the property.

---

[1] Husband filed a concurrent motion in the eviction proceeding to quash or vacate the writ of recovery of premises and order to vacate based on wife's alleged fraud. The district court considered and ruled on both motions.

The district court granted husband's motion to vacate the dissolution judgment and writ of recovery of premises and dismissed the eviction action because wife did not disclose husband's nonmarital interest in the property and value of the property (approximately $700,000). Wife requested reconsideration, which the district court denied. Wife appeals.

## D E C I S I O N

A district court may relieve a party from a dissolution judgment and order a new trial if the other party committed fraud. Minn. Stat. § 518.145, subd. 2(3). A party must make a showing of ordinary fraud, not fraud upon the court, to satisfy Minn. Stat. § 518.145, subd. 2(3). *Doering v. Doering*, 629 N.W.2d 124, 129-30 (Minn. App. 2001), *review denied* (Minn. Sept. 11, 2001). In a marriage-dissolution action, parties have an affirmative duty to "make a full and accurate disclosure of their assets and liabilities." *Bollenbach v. Bollenbach*, 285 Minn. 418, 428, 175 N.W.2d 148, 155 (1970). Accordingly, a party asserting ordinary fraud in a dissolution context need not show affirmative misrepresentation or intended concealment of information. *Id.* Rather, "the failure of a party to a dissolution to make a full and complete disclosure constitutes sufficient reason to reopen the dissolution judgment for fraud." *Doering*, 629 N.W.2d at 129. We review the district court's decision whether to reopen a dissolution judgment for an abuse of discretion. *Thompson v. Thompson*, 739 N.W.2d 424, 428 (Minn. App. 2007).

Wife first argues that the district court abused its discretion by reopening the dissolution judgment because the determination that she committed fraud reflects an

3

implicit requirement that she present husband's anticipated defenses at the default hearing. We are not persuaded. Husband moved to vacate the judgment based on wife's misrepresentation to the district court that the farmstead belonged to both parties when, in fact, it was nonmarital property that he acquired prior to the marriage. Husband's supporting affidavit states when he obtained the property and he submitted two property-tax statements that list the property in husband's name only. The district court found that wife misrepresented her interest in the farmstead, in breach of her duty to fully and completely disclose this information. In short, the district court did not vacate the dissolution judgment because wife failed to advance husband's arguments at the default hearing. Rather, the court did so because wife violated her affirmative duty to fully and accurately disclose the parties' assets.[2]

Wife next asserts that the district court was required to hold an evidentiary hearing prior to vacating the judgment. We disagree. A district court may summarily decide a fraud claim when there is no genuine issue of material fact. *Doering*, 629 N.W.2d at 130. As noted above, wife did not submit evidence refuting husband's affidavit and documentary evidence demonstrating that he acquired the property prior to the parties' marriage. Wife's responsive affidavit details the time and financial resources she contributed to the farming operation after the parties married. While these assertions may be relevant to whether she acquired an interest in the property and the extent of any such interest, they do not create a genuine issue of material fact as to whether she concealed

---

[2]  At a minimum, wife did not disclose the value of the property (approximately $700,000).

4

husband's nonmarital interest in the farmstead and misrepresented the extent of her interest.

Finally, wife contends the district court erred by vacating the portion of the judgment that dissolved the marriage. She argues that vacation of the judgment in its entirety exceeds Minn. Stat. § 518.145, subd. 2 (2016). She does not cite any legal authority to support her argument, and we do not consider issues in the absence of adequate briefing. *State, Dep't of Labor & Industry v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997). But we note that husband only sought to reopen the judgment on narrow grounds, and the parties may submit a stipulation to the district court to reinstate the terms of the dissolution judgment not in dispute.

On this record, we conclude the district court did not abuse its discretion by vacating the dissolution judgment pursuant to Minn. Stat. § 518.145, subd. 2(3).

**Affirmed.**