### In re the Marriage of Leah Marie THOMPSON, petitioner, Respondent,

v.

### Jamie Michael THOMPSON, Appellant.

#### No. A06–1453.

Court of Appeals of Minnesota.

Oct. 2, 2007.

James F. Lester, Fargo, N.D., for appellant.

Charles A. Krekelberg, Mathew A. Soberg, Krekelberg, Skonseng & Hastings, Pelican Rapids, MN, for respondent.

Considered and decided by SHUMAKER, Presiding Judge; WRIGHT, Judge; and PARKER, Judge.*

## OPINION

WRIGHT, Judge.

In this appeal from the district court's denial of appellant-husband's motion to reopen the parties' dissolution judgment and decree, husband argues that (1) the district court's determination on the merits that respondent-wife did not commit fraud on the court is not supported by the record; and (2) the district court abused its discretion by declining to hold an evidentiary hearing on husband's alternate motion to reopen the judgment and decree because its prospective application is no longer equitable. We affirm.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

On September 8, 2004, respondent Leah Thompson (wife) petitioned for a dissolution of marriage. Wife served appellant Jamie Thompson (husband) requests for discovery and production of documents. Husband failed to answer or provide any of the requested information. Wife then moved for a default judgment, which the district court granted and subsequently entered a dissolution judgment and decree ending the parties' two-year marriage. Husband was served a copy of the judgment and decree at his home address and at the Clay County Jail, where he was then incarcerated on an alcohol-related offense.

Before their marriage, the parties had jointly acquired a snowmobile. During their marriage, husband received income from farming. Based on her limited knowledge of husband's income, wife proposed that this property be divided equally between the parties. Wife also sought assistance in maintaining medical insurance as spousal maintenance. The judgment and decree awarded wife permanent spousal maintenance in the nature of one-half of wife's medical-insurance premiums. Wife was awarded the parties' snowmobile, and husband was awarded the farm real estate. Each party received one-half of the funds in the bank accounts and one-half of the farm's crop-disaster payments for 2003 and 2004.

On February 1, 2005, wife moved to amend the judgment and decree to correct the property-division provision. A copy of the motion was served on husband. Husband did not respond or attend the hearing on the motion. The district court granted wife's motion and ordered husband to provide wife a list of all bank accounts and to surrender all property awarded to wife in the judgment and decree. In March 2006, wife moved the district court to compel husband to comply with the terms of the amended judgment and decree, to place a lien on husband's farm real estate, and for attorney fees.

The following month, husband moved to vacate and reopen the property-division and spousal-maintenance provisions of the judgment and decree on the ground that wife committed fraud on the court or on the alternative ground that prospective application of the judgment and decree is no longer equitable. Husband sought an evidentiary hearing on the motion. In an order dated May 5, 2006, the district court granted husband's request for an evidentiary hearing on the motion to reopen the judgment and decree based on wife's alleged fraud on the court, declined to hold an evidentiary hearing on the alternate ground that prospective application of the judgment and decree is no longer equitable, and continued until after the hearing any decision on wife's motion to compel husband to comply with the terms of the judgment and decree.

At the evidentiary hearing, husband argued that wife's fraud misled the district court and led to a property-settlement and spousal-maintenance award that is grossly unfair. Husband admitted that, although he was served with the marital-dissolution petition, judgment and decree, and motion to amend, he did not respond to discovery requests, appear in court, arrange for an attorney to appear on his behalf, or make any effort to contact wife, her attorney, or the district court. He maintained that wife assured him that "she was putting [the dissolution] off." But wife testified that, after husband continued to violate his probation by driving while impaired, she advised him that she planned to file for divorce, and did so.

In its July 19, 2006 order, the district court found that husband had not met his burden to prove that wife committed fraud on the court, denied husband's motion to

reopen the judgment and decree on either ground alleged, and granted wife's motion to compel husband to comply with the amended judgment and decree. Husband appealed from the district court's May 5, 2006 order denying husband an evidentiary hearing on the motion to reopen the judgment on the alternate ground that prospective application is no longer equitable and from the district court's July 19, 2006 order denying the motion to reopen the judgment and decree based on wife's alleged fraud on the court.

## ISSUES

I. Did the district court abuse its discretion when it denied husband's motion to reopen the judgment and decree under Minn.Stat. § 518.145, subd. 2(3) (2006), based on its determination that wife did not commit fraud on the court?

II. Did the district court abuse its discretion when, based on the determination that husband failed to show good cause, it denied husband an evidentiary hearing on his motion to reopen the judgment and decree under Minn.Stat. § 518.145, subd. 2(5) (2006), on the ground that prospective application of the judgment and decree is no longer equitable?

## ANALYSIS

### I.

■ Subject to the right of appeal, a dissolution judgment and decree is final when entered, unless in a timely motion a party establishes a statutory basis for reopening the judgment and decree. Minn. Stat. § 518.145, subds. 1, 2 (2006). Section 518.145, subdivision 2(3), permits relief from the judgment and decree in the case of fraud. *See Shirk v. Shirk*, 561 N.W.2d 519, 523 (Minn.1997) (holding that circumstances meeting requirements of section 518.145, subdivision 2, "must be demon- strated in order to obtain relief from a judgment and decree of dissolution"). Ordinarily, a motion to set aside a judgment and decree based on fraud must be made within a reasonable time, but not more than one year after entry of the judgment and decree. Minn.Stat. § 518.145, subd. 2. But under limited circumstances, a party may move to set aside a judgment and decree after this one-year limitation if there is proof that the nonmoving party committed "fraud on the court." *Maranda v. Maranda*, 449 N.W.2d 158, 165 (Minn.1989). "Fraud on the court" involves "an intentional course of material misrepresentation or non-disclosure, having the result of misleading the court and opposing counsel and making the property settlement grossly unfair." *Id.* The moving party bears the burden of establishing a basis to reopen the judgment and decree. *Haefele v. Haefele*, 621 N.W.2d 758, 765 (Minn.App.2001), *review denied* (Minn. Feb. 21, 2001).

■ The district court held an evidentiary hearing to determine whether wife committed fraud on the court. Following the hearing, the district court found that wife did not materially misrepresent or withhold information resulting in fraud on the court and denied husband's requested relief. The district court's decision whether to reopen the judgment and decree based on fraud on the court will be sustained absent an abuse of discretion. *Kornberg v. Kornberg*, 542 N.W.2d 379, 386 (Minn.1996). If there is evidence to support the district court's decision, an abuse of discretion will not be found. *Prahl v. Prahl*, 627 N.W.2d 698, 702 (Minn.App.2001). When evidence relevant to a factual issue consists of conflicting testimony, the district court's decision is necessarily based on a determination of witness credibility, which we accord great

deference on appeal. *Haefele*, 621 N.W.2d at 763.

■■■ Husband challenges the district court's finding that wife did not intentionally mislead husband or the district court. Absent clear error, we will not disturb the district court's findings. *Maranda*, 449 N.W.2d at 164. A finding is clearly erroneous if we are left with the definite and firm conviction that a mistake has been made. *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn.App.2000). When applying the clearly erroneous standard, we view the record in the light most favorable to the district court's findings. *Id.* That the record might support findings other than those made by the district court does not render the findings clearly erroneous. *Id.* at 474.

To support his claim of wife's fraud on the district court, husband generally contends that wife failed to provide the district court with relevant information regarding her need for spousal maintenance and the nature of the property distributed under the judgment and decree. But this theory of fraud fails to account for husband's refusal to participate in the dissolution proceedings or to respond to wife's discovery requests with information to supplement wife's admittedly limited knowledge of the parties' marital property.

Our review of the record establishes that the financial information wife provided was based on the best information that she had. Wife testified that she requested a hearing on the default motion to encourage husband to provide information regarding the parties' assets. Wife continued to request additional information, but husband refused to comply with wife's attempts to determine the marital property. As to the specific issue of spousal maintenance, wife testified that she needed monthly spousal maintenance in the form of one-half of her medical-insurance premium because she was not healthy during the parties' marriage and husband's private insurance policy covered wife during her hospitalization and six-week leave of absence from work for back surgery to remove a tumor. Since that time, wife has not regained her strength, has ongoing health problems related to her back, and does not believe that she can obtain medical insurance without husband's financial assistance.

Husband did not provide any evidence to rebut wife's need for spousal maintenance in the nature of one-half of wife's medical-insurance premiums. Regarding the parties' marital property, husband similarly failed to provide evidentiary support for his contention that wife engaged in an intentional course of material misrepresentation regarding her marital interest in the snowmobile, bank accounts, and crop-disaster payments. And the uncontroverted record establishes that, throughout the dissolution proceedings, husband failed to respond to wife's pleadings or to wife's specific requests for information identifying his nonmarital property.

When viewed in the light most favorable to the district court's decision with due deference to its credibility determinations, there is substantial evidence in the record to support the district court's finding that husband failed to meet his burden of proving that wife engaged in material misrepresentations or nondisclosure. Accordingly, the district court did not abuse its discretion by denying husband's motion to reopen the judgment and decree based on fraud on the court.

## II.

■■■ Husband also argues that the district court erred by denying his request for an evidentiary hearing on his motion to reopen the judgment and decree on the

basis that its prospective application is no longer equitable. Minn.Stat. § 518.145, subd. 2(5). Whether to hold an evidentiary hearing on a motion generally is a discretionary decision of the district court, which we review for an abuse of discretion. *See Sieber v. Sieber,* 258 N.W.2d 754, 756 (Minn.1977) (holding that it is within district court's discretion to restrict presentation of evidence to nonoral testimony). But whether the district court applied the correct legal standard is a question of law, which we review de novo. *Ayers v. Ayers,* 508 N.W.2d 515, 518 (Minn.1993).

■ Under the Minnesota Rules of General Practice, it is presumed that a motion in family law, other than a motion for contempt, will be decided without an evidentiary hearing, unless the district court determines that there is good cause for a hearing. Minn. R. Gen. Pract. 303.03(d); *Doering v. Doering,* 629 N.W.2d 124, 130 (Minn.App.2001), *review denied* (Minn. Sept. 11, 2001). The definition of "good cause" has yet to be articulated. *Doering,* 629 N.W.2d at 130. And Minnesota courts have not addressed when good cause exists to grant an evidentiary hearing under Minn.Stat. § 518.145, subd. 2(5). In *Doering,* however, we addressed whether good cause existed to grant an evidentiary hearing on a motion to reopen the record for fraud under Minn.Stat. § 518.145, subd. 2(3). 629 N.W.2d at 130. In doing so, we used the summary-judgment standard to determine whether good cause existed, observing that a district court may summarily dispose of a claim "only where there is no genuine issue of material fact in dispute and where a determination of the applicable law will resolve the controversy." *Id.* We ultimately concluded that, "[b]ecause appellant's affidavits [were] sufficient to present a fact question of fraud, appellant established good cause for an evidentiary hearing on his motion to reopen the judgment." *Id.* at 132. In the present context, the summary-judgment standard requires a determination of whether, when viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the movant is entitled to the requested relief as a matter of law. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993); *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn. 1990).

Relying on *Harding v. Harding,* the district court observed that "Minnesota courts allow re-opening of a judgment by reason of mutual mistake." *See* 620 N.W.2d 920, 923–24 (Minn.App.2001) (remanding to district court for reopening of judgment and decree to determine equitable distribution of corporate stock when postjudgment income-tax determination substantially altered the value of principal material assets of parties, which had been negotiated in marital-termination agreement), *review denied* (Minn. Apr. 17, 2001). The district court then denied husband's request for an evidentiary hearing because husband "has not shown or alleged a mutual mistake by the parties" because it was "only after the judgment was filed" that wife became aware of the "true nature of certain farm bank accounts and crop disaster payments." Although the district court's reliance on *Harding* is sound, its stated rationale for denying the motion is not.

■ We held in *Harding* that, to reopen a judgment and decree because prospective application is no longer equitable, the inequity must result from "the development of circumstances substantially altering the information" known when the dissolution judgment and decree was entered. *Id.* at 924. The moving party must present more than merely a new set of circumstances or an unforeseen change of

a known circumstance to reopen a judgment and decree. *Id.* And as an example, we cited Minnesota precedent allowing a judgment and decree to be reopened based on mutual mistake because a "substantial injury, not discovered until after the settlement," had been sustained. *Id.* at 923 (citing *Newman v. Fjelstad,* 271 Minn. 514, 519, 137 N.W.2d 181, 184 (1965) (iterating rule that release for damages may be set aside on the ground of mutual mistake for injury not discovered until after personal-injury settlement)). Here, rather than relying on husband's failure to allege a mutual mistake by the parties, the district court should have considered whether there is inequity in prospective application of the judgment and decree as a result of the development of circumstances beyond the parties' control that substantially alter the information known when the judgment and decree was entered. *Id.* at 924.

Viewing the evidence in the light most favorable to husband, he has not met this standard. Husband seeks to collaterally attack the district court's marital-property and spousal-maintenance determinations, having elected to forego participation in the proceedings or to timely file a direct appeal of the judgment and decree. Husband has not alleged or demonstrated a change in circumstances that substantially alters the information that was known when the judgment and decree was entered. There has not been a change in the nature or value of the marital property or in wife's need for spousal maintenance. The only change is husband's willingness to participate in the dissolution proceedings, now that they have concluded. "[A] party cannot complain about a district court's failure to rule in [the party's] favor when one of the reasons it did not do so is because that party failed to provide the district court with the evidence that would allow the district court to fully address the question." *Eisenschenk v. Eisenschenk,* 668 N.W.2d 235, 243 (Minn.App.2003), *review denied* (Minn. Nov. 24, 2003). Accordingly, husband's claim that the district court abused its discretion by denying him an evidentiary hearing on the motion to reopen the judgment and decree because its prospective application is no longer equitable fails.

Moreover, husband has not demonstrated any evidence that he would have presented to the district court in an evidentiary hearing based on this ground to reopen the judgment and decree that he did not present during the evidentiary hearing on the ground that wife committed fraud on the court. Therefore, any error in the district court's denial of an evidentiary hearing would have been harmless. *See* Minn. R. Civ. P. 61 (requiring harmless error to be ignored).

Finally, husband urges us to impose a "quasi contract by law in order to prevent unjust enrichment in a default hearing." Husband failed to present this argument to the district court. Because this argument is raised for the first time on appeal, we decline to address it. *Schallinger v. Schallinger,* 699 N.W.2d 15, 23 (Minn.App. 2005) (citing *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (holding that generally, issues not raised before district court will not be considered on appeal)), *review denied* (Minn. Sept. 28, 2005). Moreover, the manner of relief that husband seeks from a final judgment and decree is available only by satisfying the statutory requirements of Minn.Stat. § 518.145, subd. 2. *Shirk,* 561 N.W.2d at 522. The doctrine of unjust enrichment cannot be employed as an extra-statutory mechanism for reopening the judgment and degree.

## DECISION

Because the record supports the district court's finding that wife did not commit

fraud on the court, the district court did not abuse its discretion when it denied husband's motion to reopen the judgment and decree under Minn.Stat. § 518.145, subd. 2(3) (2006). And because husband failed to establish good cause for an evidentiary hearing on his motion under Minn.Stat. § 518.145 subd. 2(5) (2006), the district court did not abuse its discretion by denying husband's request for a hearing.

**Affirmed.**