*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0194**

In re the Marriage of:
Rachelle Frances Norgren, petitioner,
Respondent,

vs.

Randy Dean Norgren,
Appellant.

**Filed October 19, 2015
Affirmed
Peterson, Judge**

Otter Tail County District Court
File No. 56-FA-08-1528

Dennis W. Hagstrom, Fergus Falls, Minnesota (for respondent)

Charles A. Krekelberg, Krekelberg, Skonseng & Miller, PLLP, Pelican Rapids, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this post-dissolution appeal, appellant husband argues that the dissolution judgment should be reopened to permit a civil judgment for damages to be included in the marital estate and divided between the parties. We affirm.

## FACTS

The 32-year marriage of appellant-husband Randy Dean Norgren and respondent-wife Rachelle Frances Norgren was dissolved on February 5, 2014. The parties' marital income was derived from a farm, a gas station, and wife's employment in health care. After wife petitioned to dissolve the marriage in 2008, the district court issued a temporary order directing husband to manage the parties' farm and share with wife 50% of any profits from the farm after deducting related expenses.

While the temporary order was in effect, in January 2011, Roger Halverson brought a trespass lawsuit against husband for damages caused by three of husband and wife's cows. The cows allegedly got out of a fenced pasture, wandered onto Halverson's property, and, over the course of a week, damaged numerous trees on Halverson's property, which is a commercial tree operation. Halverson sought $31,250 in actual damages and statutory treble damages for trespass involving damage to trees, as provided for under Minn. Stat. § 561.04 (2010).

According to husband, because he reads at a first-grade level, either his daughter or wife assisted him in reading and answering the trespass complaint. When husband received a motion for summary judgment in the trespass action on August 16, 2013, his

daughter read the motion papers to him, but he did not respond to the motion. Husband also did not attend the summary-judgment hearing because "[he] didn't think [he] had to in order to get a trial date." On September 23, 2013, the district court granted summary judgment in favor of Halverson and ordered entry of judgment in the claimed amount of $93,750.

Also on September 23, 2013, husband and wife entered into an oral stipulation that was incorporated into the dissolution judgment. Husband asserts that he was not aware of the trespass judgment until January 2014. The dissolution judgment was entered on February 5, 2014.

In an August 7, 2014 order, the district court denied husband's motion to vacate and set aside the trespass judgment. The court rejected husband's arguments that (1) the judgment was the result of his excusable neglect and included factual misrepresentations and (2) the damages award was inequitable.

On August 28, 2014, husband moved to reopen and modify the dissolution judgment to include the damages awarded in the trespass judgment as a marital debt to be divided between the parties. Following a hearing, the district court denied the motion, ruling that husband is solely responsible for the trespass damages because he had not shown excusable neglect, mistake, or inequity to support reopening the dissolution judgment and decree under Minn. Stat. § 518.145, subd. 2(1), (5) (2014). This appeal followed.

3

**D E C I S I O N**

Whether to reopen a dissolution judgment and decree under Minn. Stat. § 518.145, subd. 2, is a decision within the district court's discretion. *Clark v. Clark*, 642 N.W.2d 459, 465 (Minn. App. 2002). "The moving party bears the burden of establishing a basis to reopen the judgment and decree." *Thompson v. Thompson*, 739 N.W.2d 424, 428 (Minn. App. 2007). A district court abuses its discretion if it acts "against logic and the facts on record." *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002).

A dissolution stipulation is considered a binding contract. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997); *see Anderson v. Anderson*, 303 Minn. 26, 32, 225 N.W.2d 837, 840 (1975) (stating that courts favor the use of stipulations in dissolution proceedings and that "[w]here the parties stipulate as to the facts, the effect of the stipulation is to take the place of evidence"). A stipulation may be vacated for equitable reasons, but "upon entry of a judgment and decree based on a stipulation, different circumstances arise, as the dissolution is now complete and the need for finality becomes of central importance." *Shirk*, 561 N.W.2d at 521-22. A dissolution decree is final when entered, subject to the right of appeal. Minn. Stat. § 518.145, subd. 1 (2014).

The statute governing reopening a dissolution judgment and decree provides:

> On motion and upon terms as are just, the court may relieve a party from a judgment and decree, order, or proceeding under this chapter, except for provisions dissolving the bonds of marriage, annulling the marriage, or directing that the parties are legally separated, and may order a new trial or grant other relief as may be just for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;

4

(2) newly discovered evidence . . .;
(3) fraud . . . or other misconduct of an adverse party;
(4) the judgment and decree or order is void; or
(5) . . . it is no longer equitable that the judgment and decree or order should have prospective application.

The motion must be made within a reasonable time, and for a reason under clause (1), (2), or (3), not more than one year after the judgment and decree, order, or proceeding was entered or taken.

Minn. Stat. § 518.145, subd. 2.

In the district court, husband asserted two statutory grounds for reopening the dissolution judgment and decree: "[m]istake, inadvertence, surprise, or excusable neglect," and that it was not "equitable" to exclude the trespass damages from the dissolution judgment and decree. On appeal, husband asserts that the trespass judgment was excluded by "mistake," the trespass judgment constitutes an "encumbrance" on the farm operation that the dissolution decree directs to be distributed to both parties, and the district court's decision was an abuse of discretion and inequitable.

*Mistake/excusable neglect.*

There are several undisputed facts that make husband's failure to raise the issue of the outstanding trespass judgment during the dissolution proceeding not excusable and not a mistake: (1) husband admittedly became aware of the trespass judgment in January 2014, but he did not inform the district court about the judgment until August 2014, six months after the February 2014 dissolution judgment was entered; (2) although husband admitted that he received the trespass complaint and responded to it, he incorrectly concluded that the trespass lawsuit had "gone away" and did not account for potential

5

damages from the lawsuit in the proposed dissolution stipulation; (3) husband did not appear at the summary-judgment hearing in the trespass action, although he admitted that he received notice of the hearing; and (4) husband was represented by counsel in the dissolution action, and the district court in the trespass action found that husband had been involved in prior lawsuits, all of which should have prompted him to seek legal counsel in the trespass action. *See Black v. Rimmer*, 700 N.W.2d 521, 527 (Minn. App. 2005) (stating that a party's neglect that leads to an adverse judgment is inexcusable), *review dismissed* (Minn. Sept. 28, 2005); *Elk River Enters., Inc. v. Adams*, 357 N.W.2d 139, 140 (Minn. App. 1984) (stating that a party's nonappearance at a hearing is not excusable when it is intentional).

In rejecting husband's excusable-neglect argument, the district court stated that husband

> knew of the [trespass] judgment prior to the final hearing and entry of the Judgment and Decree on February 5, 2014. His neglect has been found inexcusable in the [trespass] matter and due to his knowledge of the [trespass] lawsuit and judgment prior to entry of the Judgment and Decree, this Court must find that [husband] has not made a showing of excusable neglect.

The district court's reasoning is not against logic and the facts on record.

The district court also found that husband failed to meet his burden to show that the failure to address the trespass damages in the dissolution judgment and decree was a mistake. Husband's awareness of the trespass judgment before the dissolution judgment became final contradicts his claim of mistake. The district court found that husband "was aware of the [trespass] judgment against him prior to its entry" and could have taken

6

actions to correct the omission of the trespass judgment in the dissolution stipulation, but did not. Again, the district court's reasoning is not against logic and the facts on record.

Husband's actions do not show excusable neglect or mistake within the meaning of Minn. Stat. § 518.145, subd. 2(1). The district court did not abuse its discretion in denying husband's motion to reopen the dissolution judgment and decree to include the damages awarded in the trespass action.

*Other issues.*

Husband included two additional issues in his appellate brief. Husband argues that (1) the trespass judgment is an encumbrance included under the provision in the judgment and decree that requires payment of all outstanding mortgages and encumbrances on the premises awarded to the parties as tenants in common to be sold by auction; and (2) the district court's decision was "arbitrary and capricious and contrary to law, and therefore an abuse of discretion and inequitable in consideration of the facts in this particular case."

(1) The decree awarded the farm to the parties as tenants in common, required the farm to be sold, and required that the sale proceeds be distributed equally to the parties after, among other actions, "all the outstanding mortgages and encumbrances on the premises" are paid off. The issue whether the trespass judgment constituted an encumbrance on the farm was not raised in the district court, and the district court did not consider the issue. We, therefore, decline to address the issue for the first time on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (explaining that an appellate court

7

will only consider issues on appeal that were presented to and considered by the district court).

(2)     Husband combines a general argument that the district court's decision not to reopen the dissolution judgment was an abuse of discretion with an argument that the district court should have reopened the dissolution judgment for equitable reasons under Minn. Stat. § 518.145, subd. 2(5). "[T]o reopen a judgment and decree because prospective application is no longer equitable, the inequity must result from the development of circumstances substantially altering the information known when the dissolution judgment and decree was entered." *Thompson*, 739 N.W.2d at 430 (quotation omitted). The district court considers "whether there is inequity in prospective application of the judgment and decree as a result of the development of circumstances *beyond the parties' control* that substantially alter the information known when the judgment and decree was entered." *Id*. at 431 (emphasis added).

Husband does not identify any circumstances that substantially alter the information known to him when the dissolution judgment was entered, nor does the record suggest the existence of such information. Husband, therefore, has not identified any changed circumstances necessary to reopen the dissolution on the theory that it is no longer equitable. Furthermore, other facts suggest, and the district court found, that appellant's neglect in defending the trespass action vitiates his equity claim now, because

8

he could have taken actions that may have successfully defended against the trespass action, or at least reduced the damages award.

**Affirmed.**