*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0433**

In re the Marriage of: Gregory Darrell Hicks, petitioner,
Respondent,

vs.

Beth Marie Hicks,
Appellant.

**Filed November 7, 2016
Affirmed
Connolly, Judge**

Crow Wing County District Court
File No. 18-FA-12-462

Virginia J. Knudson, Borden, Steinbauer, Krueger & Knudson, P.A., Brainerd, Minnesota (for respondent)

John DeWalt, Melissa Chawla, DeWalt, Chawla & Saksena, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Larkin, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellant, the recipient of a temporary spousal-maintenance award, argues that the district court erred in denying her motion to reopen the portions of the parties' dissolution

judgment relating to spousal maintenance under Minn. Stat. § 518.145, subd. 2 (2014). Because we see no error in the district court's determination that the requirements of the statute for reopening a dissolution judgment were not met, we affirm the decision.

**FACTS**

Appellant Beth Hicks, then 44, and respondent Gregory Hicks, then 51, were married in 2008. In October 2011, respondent assaulted appellant. In January 2012, respondent filed for divorce. In March 2012, appellant began counseling for trauma from injuries inflicted by respondent in October 2011.

In January 2013, the parties proposed a stipulated judgment dissolving the marriage. The stipulation provided for temporary spousal maintenance for appellant of $3,500 monthly for 36 months and one $20,000 payment within 30 days of the entry of judgment, a total of $146,000.[1] At the hearing, the district court asked appellant if she wanted the court to approve the agreement; if she understood that, once, the agreement was approved by the court, it would become final; if she believed the agreement was fair and equitable to both parties; and if she understood that, when the agreement was completed, "[there] will be a complete waiver of spousal maintenance." Appellant answered "Yes" to every question. In August 2013, the dissolution judgment was entered.

In October 2014, two months before her spousal-maintenance payments ended, appellant moved for an order relieving her from the terms of the judgment and decree under Minn. Stat. § 518.145, subd. 2. Her motion was denied in January 2015.

_____

[1] 36 x $3,500 = $126,000 + $20,000 = $146,000.

In November 2015, she filed a motion for an order stating that the district court had not been divested of jurisdiction over spousal maintenance and awarding her permanent spousal maintenance. In January 2016, she filed a memorandum of law arguing that: (1) the dissolution judgment should be reopened under Minn. Stat. § 518.145, subd. 2, and vacated as to spousal maintenance because it was no longer equitable that the judgment should have prospective application due to changed circumstances since its entry, and (2) the *Karon* waiver in the dissolution judgment was invalid and did not divest the district court of jurisdiction over spousal maintenance. She also sought an evidentiary hearing to address her "present, and future, spousal maintenance needs."

In March 2016, following a hearing, the district court denied appellant's motion to reopen the judgment because the requirement of Minn. Stat. § 518.145, subd. 2(5), for reopening a judgment due to the inequitability of its future application had not been met: there were no changed circumstances since the entry of judgment. Specifically, the district court found that the incident or incidents giving rise to appellant's trauma occurred in October 2011 and appellant began counseling for the trauma in March 2012; both events occurred well before the January 2013 dissolution agreement. The district court found further that respondent's alleged exacerbation of the trauma did not substantially alter the information the parties had when they entered into the agreement in January 2013.[2]

The district court also noted that, in January 2013 when the agreement was entered into, appellant had assured the court that she fully understood that she was waiving any

---

[2] The district court noted that appellant's credibility as to the exacerbation of the trauma was questionable.

3

right to alter the terms of her spousal-maintenance award under *Karon* and the last temporary spousal-maintenance payment had been made. Finally, the district court denied appellant's motion for an evidentiary hearing, noting that, under Minn. R. Gen. Pract. 303.03(d), motions in family law are generally decided without an evidentiary hearing unless the district court determines that there is good cause for a hearing.

Appellant challenges the denial of her motions.

## D E C I S I O N

"[T]he court may relieve a party from a judgment and decree . . . and may order a new trial or grant other relief as may be just for the following reasons: . . . (5) . . . it is no longer equitable that the judgment and decree . . . should have prospective application." Minn. Stat. § 518.145, subd. 2 (5). "Section 518.145, subdivision 2, applies to awards of spousal maintenance." Minn. Stat. § 518.552, subd. 4 (2014). "The sole relief from the judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2." *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997).

> [W]hen a judgment and decree is entered based upon a stipulation, we hold that the stipulation is merged into the judgment and decree and the stipulation cannot thereafter be the target of attack by a party seeking relief from the judgment and decree. The sole relief from the judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2.
>
> . . . .
>
> Because [the party's] proof fails to meet the statutory requirements of section 518.145, the judgment and decree should not have been reopened.

4

*Id.* at 521-23 (reversing the reopening of a stipulated dissolution judgment and remanding for its reinstatement).[3]

The prospective application of the spousal-maintenance provision of a stipulated judgment becomes inequitable within the meaning of Minn. Stat. § 518.145, subd. 2(5), only upon a showing of "the development of circumstances substantially altering the information known when the dissolution judgment and decree was entered." *Thompson v. Thompson*, 739 N.W.2d 424, 430 (Minn. App. 2007) (establishing the criterion for inequitability of the prospective application of a judgment) (quotation omitted).

> The moving party must present more than merely a new set of circumstances or an unforeseen change of a known circumstance to reopen a judgement and decree . . . . [T]he district court should . . . consider[] whether there is inequity in prospective application of the judgment and decree as a result of the development of circumstances beyond the parties' control that substantially alter the information known when the judgment and decree was entered.

*Id.* at 430-31 (citations omitted).

The district court found that

> In [her] affidavit supporting the present Motion, [appellant] included medical records (progress notes) from March 5, 2012, that relate to a [d]epression [s]creening with [a] medical provider . . . . In these records, [appellant] indicates that she suffered physical and verbal abuse by [respondent] and references two incidences [in 2011] where [respondent] became physically abusive towards her . . . . These allegations of physical and verbal abuse were known to the parties and to the Court at the time that the parties entered into their stipulation on January 18, 2013.
> . . . .

---

[3] Appellant does not address *Shirk* in her brief or her reply brief.

> [Appellant] has failed to show . . . [the] development of circumstances substantially altering the information known when the Judgment and Decree was entered and, therefore, has failed to provide sufficient evidence to this Court that she should be relieved from the Judgment and Decree pursuant to [Minn. Stat. § 518.145, subd. 2(5)].

We agree. Absent a showing of circumstances altering the information known to the parties when they entered into the stipulation, the district court had no evidence meeting the requirement of Minn. Stat. § 518.145, subd. 2(5), for reopening the judgment and decree.

Appellant argues that the district court failed to make the findings required by Minn. Stat. § 518.552, subd. 5 (2014) (governing private agreement regarding maintenance), but appellant did not bring a motion to modify maintenance under that statute; she brought a motion for relief from judgment under Minn. Stat. § 518.145, subd. 2(5). Finally, she argues that the district court erred in finding that what she asserts was a *Karon* waiver was valid, but the district court did not address the validity of the alleged *Karon* waiver; it assumed jurisdiction and decided appellant's motion under Minn. Stat. § 518.145, subd. 2(5).

There was no error in the district court's determination that appellant had not met the requirement of that statute for relief from the spousal-maintenance provision of a judgment to which she had previously stipulated.

**Affirmed.**